ÆTNA NAT. BANK OF HARTFORD, CONN., and others, *v.* UNITED STATES LIFE INS. Co. and others.

*(Circuit Court, S. D. New York. November 24, 1885.)*

1. LIFE INSURANCE—CONFLICTING CLAIMANTS—PAYMENT INTO COURT.

    A party indebted upon a contract in a sum admitted to be due, to which there are different claimants under the same contract through matters subsequent, is virtually in the situation of a stakeholder, and, where all the claimants are before the court, should be allowed to deposit the money in court.

2. SAME—STATEMENT OF CASE.

    The United States Life Insurance Company insured the life of the husband of the defendant H., to be paid to H. on her husband's death. The plaintiff, having obtained a judgment against the husband adjudging certain transactions between him and his wife fraudulent as to creditors, filed this bill to recover the moneys due upon the policy of insurance, on the ground that the insurance was a fraudulent diversion of the husband's assets, and also that the premiums above $500 annually were fraudulent as to creditors under the statutes of New York, where the defendant company was located. H. appeared and answered, denying fraud and claiming the whole fund. *Held,* on motion of the insurance company, that it should be allowed to pay into court the sum insured, with interest.

In Equity. Motion for leave to pay money into court.

*William S. Melvin,* for complainants.

*O. P. Buel,* for the Insurance Co.

*John W. Weed,* for defendant Harwood.

BROWN, J. The complaint in this case is in the nature of a judgment creditors' bill filed by several judgment creditors of Norman B. Harwood, late of Florida, deceased, to have applied in satisfaction of their judgments the amount payable by the United States Life Insurance Company upon a policy of life insurance effected on the life of the judgment debtor, and payable, according to the terms of the policy, to his widow, the defendant Susan B. Harwood. The grounds of the complainants' claim are two: *First,* a fraudulent use of large sums of money belonging to the judgment debtor in procuring the insurance; and, *second,* the provisions of the statute of the state of New York, (Laws 1858, *c.* 187, § 1,) that when the premiums paid exceed $500 per year the excess shall accrue to the benefit of the hus-

band's creditors. Both defendants have appeared and answered; the insurance company making no defense, but stating its readiness to pay the amount due upon the policy to whomsoever may be entitled to it. The widow, by her answer, denies generally all the allegations of fraud, and alleges that under the statutes of Florida, where the contract was made and the policy delivered, no such exception in favor of creditors exists, and that the whole amount of the policy is due and payable to her. The insurance company now moves for leave to pay the money into court, as having no interest in the controversy.

The motion has been argued with great care upon both sides. The defendant Harwood insists that nothing should be done by the court to relieve the insurance company from its alleged duty of paying her at once, according to the terms of the policy, and without regard to the complainants' claims. The complainants, however, have a legal right to conduct the proceedings that have been instituted to a judicial termination. Both defendants have appeared, the fund is within the jurisdiction of the court, and the court must ultimately make a final decree, disposing of the fund and of the rights of the parties. By the filing of the bill the complainants have acquired an equitable lien upon the fund for any amount they may ultimately succeed in holding applicable to their judgments, whether it be the whole or only a part of the fund; and this decree will be binding and conclusive upon Mrs. Harwood, as well as upon the insurance company. The insurance company, therefore, cannot safely pay either claimant, except at its peril of anticipating rightly the ultimate judgment of the court. The fund in question arises under the policy of insurance, both parties claiming under the same instrument.

Without considering in detail the numerous cases on the subject of interpleader that have been cited, I am of opinion that in the situation of the parties in this case, the motion should be granted. The equitable lien which the complainants have obtained by the filing of their bill is a controlling feature. The fund must be disposed of in this cause. The insurance company has no interest, as between the opposing parties contending for the fund, and is substantially in the situation of a stakeholder. It should be allowed, therefore, to pay the money into court, including the interest upon it from the time it became due and payable, according to the terms of the policy. One advantage that will accrue to Mrs. Harwood from such an order will be the power of the court to award her at once, upon her application, and upon suitable security, the payment of a portion of this amount, should satisfactory reasons therefor appear.